UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Jordan Bryant, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Florence County Detention Center, ) <br> ) <br> Defendant. ) <br> _____) | C/A No.  4:15-4442-RBH-TER <br><br> REPORT AND RECOMMENDATION |

      This is a civil action filed *pro se* by a state inmate about events which occurred while he was incarcerated at a local detention center.  The plaintiff has brought suit against the Florence County Detention Center.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**<u>INITIAL REVIEW</u>**

      Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

1

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Florence County Detention Center is a group of buildings or a facility. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, the Florence County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp.

2

1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

It is noted that Plaintiff states in the relief section of his Complaint that he has "stated in my claim the individuals who are my Defendants in my suit." Assuming *arguendo* that Plaintiff possibly names a "person" amenable to suit, it appears that his allegations are intended to state a claim for damages pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement arising from food service at the Florence County Detention Center. However, even construing his allegations liberally, it is clear that Plaintiff's Complaint allegations are wholly inadequate to state any viable claim of Eighth and/or Fourteenth Amendment violations.[1] With respect to a county detainee's conditions-of-confinement claims, the United States Supreme Court explained in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) only when two requirements are met: (I) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) the prison official must have a 'sufficiently culpable state of mind,' " *i.e.,* " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." *Id.* at 839–40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he *knows* that inmates face a

---

[1] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees—such as Plaintiff at the time of the incident about which he complains—humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly,* 164 F.3d at 495; *see also Chisolm v. Cannon,* No. C.A. 4:02–3473–RBH, 2006 WL 361375 (D.S.C., Feb.15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar,* 112 F.3d 262, 266 (7th Cir.1997) (citing *Farmer* at 847); *see also Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

Even if this Court were to conclude that Plaintiff got sick as a result of eating undercooked food, such a conclusion would, at most, satisfy the pleading requirements relative to the objective prong of the *Farmer v. Brennan* analysis. It would not, however, come anywhere near to establishing any factual background for a holding that Defendants' had the requisite state of mind to satisfy the "subjective prong." In this case, Plaintiff alleges no conduct on any Defendants' part that approaches "deliberate indifference." Plaintiff does not indicate that any of the individuals named in his Complaint were personally involved with the preparation of the allegedly undercooked food, or that they were made aware of the state of the food until after Plaintiff had already eaten several bites. Complaint at p. 3. Plaintiff sets forth no facts showing that any of the individuals named and discussed in his Complaint knowingly, or with reckless disregard, served him bad food that caused his sickness. Furthermore, there are no allegations that would even permit the Court to infer deliberate indifference from the surrounding circumstances alleged. There are just not enough facts alleged to permit a liberal construction of the documents to state any possible deliberate indifference or bad intent on the part of any named Defendant. As a result, the allegations contained in the Petition, even very liberally construed, are clearly inadequate to state a viable § 1983 cause of action for compensatory damages arising from the conditions under which Plaintiff was confined in the Florence County Detention Center. Without sufficient factual allegations to support a finding of the requisite deliberate indifference of jail officials to a pervasive risk of harm to Plaintiff arising from

the food he ate, the Complaint filed in this case fails to state a viable Eighth and/or Fourteenth Amendment claim.

Furthermore, to the extent that Plaintiff alleges that the individuals discussed in the body of his Complaint were deliberately indifferent to his medical needs, any such claim fails. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106; *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir.1997) (deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm.") (citation omitted). Furthermore, in *Miltier v. Beorn,* the Fourth Circuit noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir.1990) (citation omitted) overruled in part on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the present action, Plaintiff indicates in his Complaint that from the time he purportedly collapsed in his cell due stomach pains until an officer and subsequently a nurse came to check on him in his cell, it was a relatively short period of time. Thus, Plaintiff's allegations regarding the deprivation of medical treatment fail to demonstrate deliberate indifference to a serious medical need. At most, Plaintiff alleges negligence against the individuals identified in the body of his Complaint. As indicated above, such claims are not cognizable under § 1983. *See Blevens v. Horry County,* 2012 WL 5990105 (D.S.C. 2012) ("incorrect medical treatment, such as an incorrect diagnosis, is not actionable under § 1983") (citing *Estelle,* 429 U.S. at 106). Therefore, to the extent that Plaintiff may be deemed to have named a person amenable to suit, his case is still subject to

summary dismissal for the reasons set forth herein. *See Gillyard, Jr. v. Allendale Corr. Inst.*, 2014 WL 6879111, at *8 (D.S.C. 2014). Since there are no other potential federal claims evident from the face of the Complaint, this case is subject to summary dismissal without service of process. *See Stevenson v. Whetsel,* 52 F. Appx. 444 (10th Cir.2002).

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the Florence County Detention Center from the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" 1915(d)); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). To the extent that the District Court may find that Plaintiff has adequately identified a person amenable to suit under Section 1983, it is alternatively recommended that this case be summarily dismissed for the reasons set forth above.

The plaintiff's attention is directed to the Notice on the next page.

February 19, 2016  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).